| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**MacKeyser Holdings, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>27-4085620 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**8076 W Sahara Avenue**<br>**Las Vegas, NV**                ZIP CODE 89117 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Clark** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**N/A**                                                                                                        ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the<br>Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state the type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7         ☐ Chapter 15 Petition for<br>☐ Chapter 9           Recognition of a Foreign<br>☒ Chapter 11         Main Proceeding<br>☐ Chapter 12       ☐ Chapter 15 Petition for<br>☐ Chapter 13         Recognition of a Foreign<br>                             Nonmain Proceeding |
| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily        ☒ Debts are primarily<br>   consumer debts,              business debts.<br>   defined in 11<br>   U.S.C. § 101(8) as<br>   "incurred by an<br>   individual primarily<br>   for a personal, family,<br>   or household purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br><br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**                                                                                                                                                   THIS SPACE IS FOR
                                                                                                                                                                                                      COURT USE ONLY
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors (consolidated with affiliates)
| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☒ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (consolidated with affiliates)
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☒ $50,000,001 to $100 million | ☐ $100,000,001 to $500 Million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (consolidated with affiliates)
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☒ $50,000,001 to $100 million | ☐ $100,000,001 to $500 Million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**MacKeyser Holdings, LLC** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed:<br>N/A |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:<br>   **See Attachment 1** | Case Number:<br>**As assigned** | Date Filed:<br>**Same** |
| District:<br>   **District of Delaware** | Relationship:<br>**Affiliate** | Judge:<br>**As assigned** |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>MacKeyser Holdings, LLC |
|---|---|
| Signatures |

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>X _____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X *[signature]*<br>Signature of Attorney for Debtor(s)<br><br>David R. Hurst<br>Marion M. Quirk<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: 302-652-3131<br>Facsimile: 302-652-3117<br><br><br><br>Date: June 20, 2014<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____ |

| Signature of Debtor (Corporation/Partnership) | Address |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *[signature]*<br>Signature of Authorized Individual<br>Name: Thomas J. Allison<br>Title: Chief Executive Officer<br><br>Date: June 20, 2014 | X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**Attachment 1**

**LIST OF AFFILIATED DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed in this Court a petition for relief under Chapter 11 of Title 11 of the United States Code. Contemporaneously with the filing of their petitions, these entities filed a motion requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. American Optical Services, Inc.
2. Genesis Billing Systems, LLC
3. Genesis Eye Center, PLLC
4. Thomas Retinal Eye Specialists, P.C.
5. Steven T. Olkowski, M.D., P.C.
6. Joseph D. Udvari, Jr., O.D., P.C.
7. Larry R. Moorman, M.D., P.C.
8. Philip H. Clark, O.D., P.A.
9. Lakewood Eye Clinic, P.C.
10. Thomas G. Abell, M.D., P.S.C.
11. Eyes On You Eyecare, Inc.
12. Epic Management Group, LLC
13. 926 N. Wilcrest, LLC
14. Eyeglasses Etc., Inc.
15. J. Richard Susi, D.O., P.A.
16. Joseph Kurstin, M.D., P.A.
17. AOS-OMS, LLC
18. American Optical Services, LLC
19. EHS-Riverfront, LLC
20. Optical Management Systems, Inc.
21. Riverfront Hearing, Inc.
22. Exela Hearing Services, LLC
23. MacKeyser Holdings, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
MACKEYSER HOLDINGS, LLC,                                         :    Case No. 14-_____ (_____)
                                                                 :
           Debtor.                                               :    Tax I.D. No. 27-4085620
---------------------------------------------------------------- x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holdings the 30 largest unsecured claims against the above-captioned Debtor and certain of its debtor affiliates (collectively, the "Debtors"), all of which simultaneously have commenced chapter 11 cases in this Court. The list has been prepared on a consolidated basis from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority and/or amount of any such claim.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, facsimile number, email address, and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Estimated amount of claim (if secured, also state value of security) |
|---|---|---|---|---|
| Steven T. Olkowski, M.D. | Steven T. Olkowski, M.D. 25 Monument Rd Ste 297 York, PA 17403  Phone: 717-741-6732 | Seller Note | | $2,131,920.11 |
| Jonathan Ply, M.D. | Jonathan Ply, M.D. 3911-A Highway 17 Bypass Murrells Inlet, SC 29576  Phone: 843-907-7777 | Seller Note | | $2,019,980.74 |
| Frank L. Emert, Jr., M.D. | Frank L. Emert, Jr., M.D. c/o Wabash Valley Eye Center 2020 Clearview Dr. Vincennes, IN 47591  Phone: 812-890-8064  Alternate Address: 2119 Wheeler Rd Vincennes, IN  47591  Phone: 812-882-7181 | Seller Note | | $1,496,109.34 |
| Thomas G. Abell, M.D. | Thomas G. Abell, M.D. 1201 Four Pines Ct Lexington, KY 40552  Phone: 859-421-9606 | Seller Note | | $1,311,331.91 |
| Exela, LLC | Exela, LLC c/o Steven McCormack 746 Gettysburg Circle Claremont, CA 91711  Phone: 818-640-3434 | Note Payable | | $1,070,000.00 |
| Precision Optics, Inc. | Precision Optics, Inc. c/o Chuck Gerlowski 6925 Saukview Drive Saint Cloud, MN 56303  Phone: 320-251-8591 Facsimile: 978-630-1487 | Lens Vendor | | $922,404.64 |

| American Express | American Express<br>World Financial Center<br>Attn: Legal Department<br>200 Vesey St., 50th Floor<br>New York, NY 10285<br><br>Phone: 800-528-4800<br>Facsimile: 212-619-9230 | Credit Card Debt | | $795,570.00 |
|---|---|---|---|---|
| Sights My Line, Inc. | Sights My Line, Inc.<br>Stewart Lantz PD<br>5420 NW 86th Terrace<br>Coral Springs, FL 33067<br><br>Phone: 954-255-8031 | Seller Note | | $746,035.15 |
| Larry R. Moorman, M.D. | Dr. Larry R. Moorman, M.D.<br>1803 Old Ocilla Rd<br>Tifton, GA 31794<br><br>Phone: 229-386-2181 | Seller Note | | $716,928.90 |
| Henry Schneidman | Henry Schneidman<br>11663 Paradise Cove Lane<br>Lake Worth, FL 33449<br>Phone: 561-204-5275<br><br>Alternate Address:<br>3633 Siena Cir<br>Wellington, FL 33414<br><br>Phone: 561-204-4430 | Seller Note | | $705,034.89 |
| George V. Simon | George V. Simon, M.D.<br>126 Elliot Ct<br>Alamo, CA 94507<br><br>Phone: 877-370-7727 | Seller Note | | $705,034.89 |
| Joseph Kurstin, M.D. | Joseph Kurstin, M.D.<br>2127 Brickell Ave, Apt. 3601<br>Miami, FL 33129 | Seller Note | | $630,466.37 |
| Joseph D. Udvari, Jr., D.O. | Joseph D. Udvari, Jr., D.O.<br>175 Shafer Rd.<br>Moon Township, PA 15108<br><br>Phone: 412-913-8805 | Seller Note | | $548,345.47 |
| Garry T. Chrycy, O.D. | Garry T. Chrycy, O.D.<br>1020 Placetas Ave<br>Coral Gables, FL 33146 | Seller Note | | $373,729.59 |
| Dr. Timothy Bauer, O.D. | Dr. Timothy Bauer, O.D.<br>534 E Hyman Ave<br>Aspen, CO 81611<br><br>Phone: 970-379-1594 | Seller Note | | $342,576.58 |

3

| OOGP | OOGP<br>557 NE Westbrook Way<br>Grants Pass, OR 97528<br><br>Phone: 541-479-4743<br>Facsimile: 888-654-0618 | Contact Lens Vendor | | $340,328.45 |
|---|---|---|---|---|
| Davlong Business Solutions | Davlong Business Solutions<br>6600 Abercorn St.<br>Savannah, GA 31405<br><br>Phone: 912-355-3213<br>Facsimile: 912-355-3575 | Information Technology Consulting | | $327,885.69 |
| Garry Thomas, M.D. | Gary Thomas, M.D.<br>P.O. Box 752<br>Wayne, PA 19087 | Seller Note | | $320,000.00 |
| De Rigo Vision | De Rigo Vision<br>14073 NW 8th Street<br>Fort Lauderdale, FL 33325<br><br>Phone: 954-533-9560<br>Facsimile: 954-616-8247 | Eyeglass Frame Vendor | | $310,762.44 |
| Hanna Design Group, Inc. | Hanna Design Group, Inc<br>650 E. Algonquin Rd Ste 405<br>Deer Park, IL 60173<br><br>Phone: 847-719-0370<br>Facsimile: 847-719-0393 | Trade Debt | | $301,210.21 |
| Philip H. Clark, O.D. | Dr. Philip H. Clark, O.D.<br>6508 Valley View Rd<br>Rogers, AR 72758<br><br>Phone: 479-857-1423 | Seller Note | | $299,720.95 |
| Luxottica USA LLC | Luxottica USA LLC<br>12 Harbor Park Drive<br>Port Washington, NY 11050<br><br>Phone: 516-484-3800<br>Facsimile: 516-484-9010 | Eyeglass Frame Vender | | $265,899.67 |
| Barry Katzman, M.D., Inc. | Barry Katzman, M.D., Inc.<br>1555 Merritt Dr.<br>El Cajon, CA 92020<br><br>Alternate Address:<br>7358 Caminito Carlotta<br>San Diego, CA 92120 | Seller Note | | $240,137.91 |

| | | | | |
|---|---|---|---|---|
| Alcon Laboratories, Inc. | Alcon Laboratories, Inc.<br>6201 South Freeway<br>Fort Worth, TX 76134<br><br>Phone: 800-862-5266<br>Facsimile: 800-554-2660 | Medical Supplies and LASIK Cards | | $233,538.37 |
| Optical One | Optical One<br>1750 South Avenue<br>Youngstown, OH 44502<br><br>Phone: 330-743-8518<br>Facsimile: 330-743-0966 | Eyeglass Frame Vendor | | $217,344.04 |
| Maui Jim | Maui Jim<br>One Aloha Lane<br>Peoria, IL 61615<br><br>Phone: 309-691-3700<br>Facsimile: 309-683-2206 | Eyeglass Frame Vendor | | $211,683.26 |
| Charles R. Moore | Charles R. Moore<br>926 N. Wilcrest Dr.<br>Houston, TX 77079<br><br>Alternate Address:<br>2906 Rosemary Park Lane<br>Houston, TX 77082<br><br>Phone: 281-558-0759 | Seller Note | | $210,000.00 |
| Douglas Campbell, D.O. | Douglas Campbell, D.O.<br>5604 Singletree Lane<br>Parker, CO 80134<br><br>Phone: 303-550-4284 | Seller Note | | $194,661.01 |
| Oakley | Oakley<br>4352 Cartagena Drive<br>San Diego, CA 92115<br><br>Phone: 619-231-0192<br>Facsimile: 949-699-3500 | Eyeglass Frame Vendor | | $185,962.14 |
| Besse Medical Supply | Besse Medical Supply<br>9075 Centre Pointe Dr.<br>Suite 140<br>West Chester, OH 45069<br>Chicago, IL 60677<br><br>Phone: 513-682-3600<br>Facsimile: 800-543-8695 | Medical Supply Vendor | | $173,849.08 |

53032/0001-10674962v2

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned officer of the Debtor in the above-captioned case, declare under penalty of perjury that I have read the foregoing list and it is true and correct to the best of my knowledge, information and belief.

Dated: June 20, 2014
Wilmington, Delaware

Name: Thomas J. Allison
Title: Chief Executive Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                          :    Chapter 11
                                                :
MACKEYSER HOLDINGS, LLC,                        :    Case No. 14-_____ (____)
                                                :
            Debtor.                             :    Tax I.D. No. 27-4085620
---------------------------------------------------------------- x

## STATEMENT OF CORPORATE OWNERSHIP

Following is the list reflecting holders of ten percent or more of the Debtor's membership units. The list is prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Holder | Kind of Interest | Percentage of Ownership |
|---|---|---|
| PKO, LLC | Series A Common Units[1] | 100% |
| Erica Perreirra | Series B Common Units[2] | 100% |
| Health Evolution Partners[3] | Preferred Units[4] | 95.2% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned officer of the Debtor in the above-captioned case, declare under penalty of perjury that I have read the foregoing statement and it is true and correct to the best of my knowledge, information and belief.

Dated: June 20, 2014
       Wilmington, Delaware

_____
Name: Thomas J. Allison
Title: Chief Executive Officer

---

[1] 19.34% of Outstanding Capital Units

[2] 1.24% of Outstanding Capital Units

[3] Includes Health Evolution Partners Fund I, L.P., Series F of Health Evolution Partners Co-Invest, LLC and Series G of Health Evolution Partners Co-Invest, LLC.

[4] 75.58% Outstanding Capital Units

53032/0001-10675006v2

# MACKEYSER HOLDINGS, LLC

### Secretary's Certificate

Cathryn Kennedy, being the duly elected Secretary of MacKeyser Holdings, LLC (the "Company"), does hereby certify, in her capacity as Secretary of the Company and not in her individual capacity, as follows:

1. The resolutions attached hereto as Exhibit A were duly adopted by the Special Committee of the Board of Directors of the Company (the "Special Committee") at a duly convened meeting of the Special Committee held on June 18, 2014. All such resolutions are in full force and effect on the date hereof in the form in which adopted without amendment, modification or revocation, and no other resolutions or action by the Special Committee or Board of Directors of the Company have been adopted relating the subject matter of the attached resolutions.

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate as of this 20th day of June, 2014.

*[signature]*
Name: Cathryn Kennedy
Title: Secretary

53032/0001-10705537v1

## EXHIBIT A

See Attached

# RESOLUTIONS

## OF THE SPECIAL COMMITTEE OF

## THE BOARD OF DIRECTORS OF

## MACKEYSER HOLDINGS, LLC

The Special Committee of the Board of Directors of MacKeyser Holdings, LLC (the "**Company**") hereby consents, at a duly convened meeting o the Special Committee of the Board of Directors of the Company (the "**Special Committee**") and pursuant to the provisions of applicable law, to the taking of the following actions and the adoption the following resolutions:

**WHEREAS**, the Board of Directors of the Company (the "Board") has established the Special Committee and has authorized, empowered and directed the Special Committee to evaluate the strategic options of the Company and to plan and implement a comprehensive restructuring of the Company's assets, liabilities and corporate structure, and to take such other actions related thereto as the Special Committee deems appropriate and in the best interests of the Company and its members, and to have and be entitled to exercise the full power and authority of the Board in all matters that come before it.

**RESOLVED**, that in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, members, and other interested parties, that the Company seek relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and it is further

**RESOLVED**, that the Chief Executive Officer and Chief Financial Officer of the Company (each an "**Authorized Person**") shall be, and hereby are, authorized and directed on behalf of the Company to commence a case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") by executing, verifying and delivering a voluntary petition in the name of the Company under chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in such form and at such time as the Authorized Person executing said petition shall determine; and it is further

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to take all actions necessary or appropriate for the Company to obtain post-petition financing according to the terms negotiated by such Authorized Person, including under one or more debtor-in-possession credit facilities, and to effectuate the foregoing by entering into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments (collectively, the "**Credit Documents**") as may be deemed necessary or appropriate by the Authorized Person; and it is further

**RESOLVED**, that the Company be, and it hereby is, authorized, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may

be agreed by any Authorized Person, including the grant of replacement liens, as is reasonably necessary for the continuing conduct of the affairs of the Company; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on its behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all Credit Documents; and to take any and all actions which the Authorized Person deems necessary or appropriate; each in connection with the Chapter 11 Case, any post-petition financing or any cash collateral usage contemplated hereby; and it is further

**RESOLVED**, that the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A. is hereby retained as counsel to the Company to render legal services to, and to represent, the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code and any other related matters in connection therewith, on such terms as any Authorized Person shall approve; and it is further

**RESOLVED**, that the firm of GlassRatner Advisory & Capital Group is hereby retained as the financial advisor to the Company in connection with the Chapter 11 Case, on such terms as any Authorized Person shall approve; and it is further

**RESOLVED**, that the firm of Hammond Hanlon Camp LLC is hereby retained as the investment banker to the Company in connection with the Chapter 11 Case, on such terms as any Authorized Person shall approve; and it is further

**RESOLVED**, that American Legal Claim Services, LLC is hereby retained to provide the Company with consulting services, including, without limitation, noticing, claims management and reconciliation and any other related matters, on such terms as any Authorized Person shall approve; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by the Authorized Person to assist the Company in carrying out its responsibilities in the Chapter 11 Case; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in

their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any current officer of the Company or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, which are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed.