## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :   Chapter 11
In re:                                                  :
                                                        :   Case No. 14-11550 (CSS)
MACKEYSER HOLDINGS, LLC, et al.,                        :
                                                        :   Jointly Administered
                              Debtors.¹                 :
                                                        :   Related to Docket Nos. 621, 677 and 775
------------------------------------------------------- x
```

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The above-captioned debtors and debtors-in-possession (collectively, the

"Debtors"), having filed voluntary petitions for relief under chapter 11 of title 11 of the United

States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") on June 20, 2014; and the

Debtors and the Official Committee of Unsecured Creditors in these chapter 11 cases (the

"Committee" and, with the Debtors, the "Plan Proponents") having proposed the Joint Plan of

Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the

Official Committee of Unsecured Creditors [Docket No. 621] (as amended, supplemented or

otherwise modified, the "Plan"); and the Plan Proponents having filed the Plan Supplement to

Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each entity's federal tax identification number, are: MacKeyser Holdings, LLC (5620); American Optical Services, Inc. (5707); Exela Hearing Services, LLC (2110); Optical Management Systems, Inc. (8300); Riverfront Hearing, Inc. (9220); AOS-OMS, LLC (4445); American Optical Services, LLC (4879); EHS-Riverfront, LLC (4530); 926 N. Wilcrest, LLC (2497); Epic Management Group, LLC (3385); Eyeglasses Etc., Inc. (7753); Eyes On You Eyecare, Inc. (2091); Genesis Billing Systems, LLC (1548); Genesis Eye Center, PLLC (8427); J. Richard Susi, D.O., P.A. (1936); Joseph D. Udvari, Jr., O.D., P.C. (0856); Joseph Kurstin, M.D., P.A. (7339); Lakewood Eye Clinic, P.C. (2251); Larry R. Moorman, M.D., P.C. (5458); Philip H. Clark, O.D., P.A. (6411); Steven T. Olkowski, M.D., P.C. (1813); Thomas Retinal Eye Specialists, P.C. (0492); and Thomas G. Abell, M.D., P.S.C. (1810). The mailing address for each entity listed above is 10624 Eastern Avenue #965, Henderson, Nevada 89052.

Debtors and the Official Committee of Unsecured Creditors [Docket No. 775] (the "Plan Supplement"); and the United States Bankruptcy Court for the District of Delaware (the "Court") having entered an order [Docket No. 692] (the "Solicitation Procedures Order") on December 15, 2014 approving the Disclosure Statement with Respect to Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Disclosure Statement") as containing adequate information under section 1125(a) of the Bankruptcy Code; and the Debtors having filed the Declaration of Jeffrey L. Pirrung Certifying Vote on and Tabulation of Ballots Accepting and Rejecting the Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors [Docket No. 797] (the "Voting Certification") on January 28, 2015; and the Court having established, in the Solicitation Procedures Order, February 2, 2015 at 10:00 a.m. (Eastern) as the date and time of the hearing pursuant to section 1129 of the Bankruptcy Code to consider confirmation of the Plan (the "Confirmation Hearing"); and affidavits of service having been executed by Jeffrey Pirrung of American Legal Claim Services LLC ("ALCS" or the "Claims Agent") and filed with the Court [Docket Nos. 726-729] (the "Affidavits of Service") with respect to the mailing of the notice of the Confirmation Hearing and the other solicitation materials in respect of the Plan in accordance with the Solicitation Procedures Order; and a certificate of publication having been filed with the Court [Docket No. 746] (the "Certificate of Publication") with respect to the publication of the notice of the Confirmation Hearing in accordance with the Solicitation Procedures Order; and informal objections to confirmation of the Plan (the "Informal Objections") having been received from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and Essilor (as defined herein); and objections to confirmation of the Plan having been filed by Dr.

Joseph Kurstin and Jokur Acquisition, Inc. [Docket No. 772] and the Meyers Family Agreement of Trust Dated October 14, 1996 [Docket Nos. 773, 788] (together, the "Filed Objections" and, collectively with the Informal Objections, the "Objections"); and the Court having reviewed the Plan, the Disclosure Statement, the Solicitation Procedures Order, the Voting Certification, the Affidavits of Service, the Certificate of Publication, the Objections and all other papers before the Court in connection with the confirmation of the Plan; and the Court having heard the statements of counsel in support of confirmation at the Confirmation Hearing, as reflected in the record at the Confirmation Hearing; and the Court having considered all testimony presented and evidence admitted at the Confirmation Hearing, including the Declaration of Thomas J. Allison in Support of First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors [Docket No. 803] (the "Allison Declaration"); and the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases;[2] and the Court finding that (i) notice of the Confirmation Hearing and the opportunity of all parties in interest to object to confirmation of the Plan were adequate and appropriate, in accordance with Rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Solicitation Procedures Order, as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases set forth at the Confirmation Hearing and as set forth in this Confirmation Order establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following Findings of Fact, Conclusions of Law and Order:

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and

1334(a)).  The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157

and 1334.  Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L),

and the Court has jurisdiction to determine whether the Plan complies with the applicable

provisions of the Bankruptcy Code, and to determine whether the Plan should be confirmed and

a Final Order entered with respect thereto.  Venue of the Chapter 11 Cases is proper pursuant to

28 U.S.C. §§ 1408 and 1409.

B.      Burden of Proof.  The Plan Proponents have the burden of proving the

elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence and, as

set forth below, the Plan Proponents have met that burden.

C.      Judicial Notice.  The Court takes judicial notice of the docket in the

Chapter 11 Cases maintained by the Clerk and/or its duly appointed agent, including without

limitation, all pleadings, notices and other documents filed, all proceedings during the Chapter

11 Cases, and all orders entered during the pendency of the Chapter 11 Cases.

D.      Modification of the Plan.  The Debtors have made certain nonmaterial

modifications to the Plan as set forth in the Notice of Filing of Non-Material Modifications to

Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the

Debtors and the Official Committee of Unsecured Creditors [Docket No. 800] (the

"Modifications").  Pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule

3019, none of the Modifications require additional disclosure under section 1125 of the

Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do

they require that the Holders of Claims in the voting Classes be afforded an opportunity to

change previously cast acceptances or rejections of the Plan. The Plan as modified by the Modifications shall constitute the Plan submitted to the Court for Confirmation.

      E.     <u>Objections to Confirmation</u>. As presented at the Confirmation Hearing, the consensual resolutions of certain Objections satisfy all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, are in the best interests of the Debtors and their Estates and are supported by the record of the Confirmation Hearing, and therefore should be approved. All Objections that were not resolved by agreement on or prior to the Confirmation Hearing are overruled, or are otherwise disposed of, as set forth herein and on the record of the Confirmation Hearing.

      F.     <u>Compromise and Settlement in Connection with the Plan</u>. All of the settlements and compromises pursuant to and in connection with the Plan, including the Global Settlement, comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

      G.     <u>Compliance with Bankruptcy Rule 3016</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

      H.     <u>Compliance with Bankruptcy Rule 3017</u>. The Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d).

      I.     <u>Transmittal and Mailing of Materials; Notices</u>. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all Creditors entitled to vote on the Plan, and sufficient time was prescribed for such Creditors to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

J.     Receipt and Tabulation of Votes.  The procedures used by ALCS to receive and tabulate Ballots of the Holders of Claims in the voting Classes, as set forth in the Voting Certification, were proper and appropriate and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and all other applicable rules, laws and regulations.  As described in the Voting Certification, which certified both the method and results of the voting, the Plan was accepted by all Impaired Classes entitled to vote.  The Plan Proponents, therefore, obtained the requisite acceptance both in number and amount for Confirmation of the Plan.

K.     Plan Compliance With 11 U.S.C. § 1129.  As set forth below and as demonstrated by the record in the Chapter 11 Cases, the Plan Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code.

L.     Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  As set forth and demonstrated below, the Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of the Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

(i)     Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).  The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  The Plan's classifications conform to the requirements of the Bankruptcy Code and separately classify Claims based on valid business and legal reasons.  The Plan's classification scheme has a rational basis because it is based on the respective legal rights of each Holder of a Claim against or Interest in the Estates and was not proposed to create a consenting impaired Class and, thereby,

6

manipulate Class voting.  Article II of the Plan designates the classification of

Claims and Interests.

(ii)    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  The Plan

complies fully with the requirements of section 1123(a)(2) of the Bankruptcy

Code.  Article III of the Plan specifies which Classes of Claims and Interests are

not Impaired under the Plan.

(iii)    Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  The Plan

complies fully with the requirements of section 1123(a)(3) of the Bankruptcy

Code.  Article III of the Plan specifies the treatment of Classes of Claims and

Interests under the Plan, including those which are Impaired.

(iv)    No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan complies

fully with the requirements of section 1123(a)(4) of the Bankruptcy Code.  As

reflected in the treatment set forth in Article III of the Plan, the treatment of each

of the Claims and Interests in each particular Class is the same as the treatment of

each of the other Claims or Interests in such Class; provided, however, that to the

extent any Claimholder received any different treatment than that described by the

Plan for its Class on the basis of the standards for compromise and settlement, the

Court hereby finds that such different treatment does not need to be made

available to other members of the Class.

(v)    Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan

complies fully with the requirements of section 1123(a)(5) of the Bankruptcy

Code.  The Plan provides adequate means for implementation of the Plan through,

7

among other things, the implementation of the Liquidating Trust and the transfer

of the Debtors' remaining assets to the Liquidating Trust.

(vi)    Voting Power of Equity Securities (11 U.S.C. § 1123(a)(6)).

Section 1123(a)(6) of the Bankruptcy Code requires that a plan provide for the

inclusion in a corporate debtor's charter provisions prohibiting the issuance of

nonvoting equity securities, and providing for an "appropriate distribution" of

voting power among those securities possessing voting power.  The Plan is a

liquidating plan that provides, in Article V.B, for the dissolution of the Debtors as

corporate entities.  As such, the requirements of section 1123(a)(6) do not apply.

(vii)    Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).

Article V.B.1 of the Plan provides that, on the Effective Date, the members of the

boards of directors and managers of the Debtors shall be deemed to have resigned.

The Plan's provisions for the selection and appointment of the Liquidating

Trustee are consistent with the interests of Creditors and equity security holders

and with public policy.  Section 1123(a)(7) of the Bankruptcy Code therefore is

satisfied.

(viii)    Discretionary Contents of Plan (11 U.S.C. § 1123(b)).  The Plan's

provisions are appropriate and consistent with the provisions of the Bankruptcy

Code.

M.    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules and the orders of the Court with respect to the solicitation of

acceptances or rejections of the Plan, thus satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

      N.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan Proponents have proposed the Plan, including all documents necessary to effectuate the Plan, including but not limited to those contained in the Plan Supplement, in good faith and not by any means forbidden by law, as evidenced by, among other things, the totality of the circumstances surrounding the formulation of the Plan, the record of the Chapter 11 Cases and the recoveries of Holders of Claims and Interests thereunder, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.

      O.     <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. All payments that have been made or are to be made by the Plan Proponents or Liquidating Trust under the Plan or by any Person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases including administrative expense claims under sections 503 and 507 of the Bankruptcy Code, have been approved by, or will be subject to the approval of, the Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

      P.     <u>Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>. Article V.E.4 of the Plan provides that the Liquidating Trustee shall be deemed the Estates' representative in accordance with section 1123 of the Bankruptcy Code and shall have all the rights and powers set forth in the Plan and Liquidating Trust Agreement, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and Bankruptcy Rule 2004.

The identity of the Liquidating Trustee has been disclosed in the Liquidating Trust Agreement, which was filed in the Plan Supplement.

Q.    No Rate Changes (11 U.S.C. § 1129(a)(6)). The Debtors' businesses do not involve the establishment of rates over which any regulatory commission will have jurisdiction after Confirmation of the Plan. Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

R.    Best Interest of Creditors Test (11 U.S.C. § 1129(a)(7)). Section 1129(a)(7) of the Bankruptcy Code requires that each Holder of a Claim or Interest in an Impaired Class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive on account of such Claim or Interest if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. The Disclosure Statement and the other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any of the Objections to Confirmation of the Plan, and (iii) establish that each Holder of an Impaired Claim or Interest, as the case may be, in such Impaired Classes has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

S.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not Impaired under the Plan. Unimpaired Classes 1 and 2 are conclusively presumed to have accepted the Plan without the solicitation of

acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. Impaired Classes 3 and 4 have voted to accept the Plan. Because Holders of Claims or Interests in Impaired Classes 5, 6, 7 and 8 neither received nor retained any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of section 1129(b) of the Bankruptcy Code. The Plan satisfies section 1129(b) of the Bankruptcy Code with respect to Classes 5, 6, 7 and 8.

   T. Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of the DIP Facility Claim, Administrative Claims, Priority Tax Claims, Miscellaneous Secured Claims and Priority Non-Tax Claims are set forth in Articles III.A.1, III.A.2, III.A.3, III.B.1 and III.B.2 of the Plan, thus satisfying the requirements of section 1129(a)(9) of the Bankruptcy Code.

   U. Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). As set forth in the Voting Certification, the Plan has been accepted by Impaired Classes 3 and 4, determined without inclusion of any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

   V. Feasibility (11 U.S.C. § 1129(a)(11)). The Plan proposed by the Plan Proponents provides for the consolidation of the Estates, the merger and dissolution of the Debtors, and the transfer and assignment of the Liquidating Trust Claims, Cash in the Amount of the Professional Fee Reserve, Cash in the Amount of the Administrative Claims Reserve and the Initial Liquidating Trust Funding Amount. On the Effective Date, the Liquidating Trust shall be established pursuant to the Liquidating Trust Agreement for the purpose of, among other things, (i) investigating and, if appropriate, pursuing Liquidating Trust Claims, (ii) administering and

11

pursuing the Liquidating Trust Assets, (iii) resolving all Disputed Claims and any Claim

objections pending as of the Effective Date and (iv) making Distributions from the Liquidating

Trust to Holders of Allowed Claims as provided for in the Plan and/or the Liquidating Trust

Agreement. The Disclosure Statement, the Allison Declaration and the evidence proffered or

adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been

controverted by other evidence or challenged in any of the Objections to Confirmation of the

Plan and (iii) establish that the Plan is feasible, thus satisfying the requirements of section

1129(a)(11) of the Bankruptcy Code.

      W.     Payment of Fees (11 U.S.C. § 1129(a)(12)). The Debtors have paid, or

will pay, prior to the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the

requirements of section 1129(a)(12) of the Bankruptcy Code. The Liquidating Trust shall pay,

from and after the Effective Date, statutory fees due to the U.S. Trustee in accordance with

28 U.S.C. § 1930 until the Chapter 11 Cases are closed or converted. In addition, the

Liquidating Trustee shall file post-confirmation quarterly reports or any pre-confirmation

monthly operating reports not filed as of the Effective Date in conformance with the U.S. Trustee

Guidelines.

      X.     Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)). Sections

1129(a)(13)-(16) are inapplicable as the Debtors (i) do not provide retiree benefits[3]

(1129(a)(13)), (ii) have no domestic support obligations (1129(a)(14)), (iii) are not individuals

(1129(a)(15)), and (iv) are a for-profit business (1129(a)(16)).

---

[3]    As defined in section 1114 of the Bankruptcy Code, "retiree benefits" means payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependants, for medical, surgical or hospital care benefits, or benefits in the event of sickness, accident, disability or death under any plan, fund or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under the Bankruptcy Code.

12

Y.    No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).

Holders of Claims and Interests in Classes 5, 6, 7 and 8 will receive no Distributions under the Plan and, accordingly, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Plan Proponents presented uncontroverted evidence at the Confirmation Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to the treatment of Claims and Interests in Classes 5, 6, 7 and 8 because, as required by section 1129(b)(2)(C) of the Bankruptcy Code, there are no Holders of Interests junior to the Holders of Claims and Interests in Classes 5, 6, 7 and 8 that will receive or retain under the Plan any property on account of such junior Interests. Thus, the Plan satisfies section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding its failure to satisfy section 1129(a)(8) of the Bankruptcy Code. The Plan shall be binding upon the members of Classes 5, 6, 7 and 8 upon Confirmation and the occurrence of the Effective Date.

Z.    Confirmation of Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan that has been filed in the Chapter 11 Cases which has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

AA.    Principal Purpose of the Plan (11 U.S.C. 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933, and no Governmental Unit has requested that the Court deny Confirmation on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

13

BB.    <u>Satisfaction of Confirmation Requirements</u>. Based on the foregoing, the Plan satisfies all of the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

CC.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based upon the record before the Court in the Chapter 11 Cases, the Debtors, the Committee, the Claims Agent and each of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with all their respective activities relating to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125 of the Bankruptcy Code.

DD.    <u>Substantive Consolidation</u>. The substantive consolidation contemplated by Article V of the Plan, which is unopposed, is consistent with, and permissible under, applicable law in the Third Circuit. No party has objected to substantive consolidation, and the overwhelming majority of parties have voted in favor of the Plan which is predicated upon entry of an order substantively consolidating the Estates and Chapter 11 Cases for all purposes, including voting, Distribution and Confirmation.

EE.    <u>Likelihood of Satisfaction of Conditions Precedent to Confirmation</u>. All conditions precedent to Confirmation set forth in Article VIII of the Plan have been satisfied, will be satisfied by entry of this Confirmation Order or have been duly waived.

FF.    <u>Retention of Jurisdiction</u>.  The Court finds that it may properly retain jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

**Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED THAT:**

**A.    Confirmation of the Plan**

1.    <u>Approval of the Plan</u>.  The Plan, which consists of the Plan as filed on November 10, 2014, as subsequently amended, supplemented or otherwise modified, including all exhibits (including, but not limited to, those exhibits filed in the Plan Supplement), provisions, terms and conditions thereto, is approved and confirmed as having satisfied all of the requirements of chapter 11 of the Bankruptcy Code.  The terms of the Plan, as modified, are incorporated herein by reference and are an integral part of this Confirmation Order.  A copy of the Plan is attached hereto as <u>Exhibit A</u>.

2.    <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and conclusions of law of the Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Court at the Confirmation Hearing are incorporated herein by reference.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

3.    <u>Objections</u>.  All Objections, to the extent not already withdrawn, waived, or settled, and all reservations of rights included therein, shall be, and hereby are, overruled.

**B.    Plan Classification and Treatment**

4.    All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan.  The Plan's classification scheme shall be, and hereby is, approved.

5.      The classifications set forth in connection with voting on the Plan:
(a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do
not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the
actual classification of such Claims under the Plan for Distribution purposes, (c) may not be
relied upon by any Creditor as representing the actual classification of such Claims under the
Plan for Distribution purposes, and (d) shall not bind the Debtors or the Liquidating Trustee.

6.      The treatment of Claims and Interests as provided in the Plan is approved.

**C.      Effects of Confirmation**

7.      <u>Enforceability of Plan</u>. Pursuant to sections 1123(a), 1141(a) and 1142 of
the Bankruptcy Code and the provisions of this Confirmation Order, the Plan shall be, and
hereby is, valid, binding and enforceable notwithstanding any otherwise applicable non-
bankruptcy law. The Plan Proponents may modify, amend or enter into, as necessary, all
documents arising in connection with the Plan, without further order of the Court, in accordance
with the provisions of the Plan.

8.      <u>Authorization to Implement the Plan</u>. Upon the entry of this Confirmation
Order, the Debtors, the Committee, the Liquidating Trustee, the Liquidating Trust Committee
and the Disbursing Agent, as applicable, and their respective professionals, are authorized to take
or cause to be taken all actions necessary or appropriate to implement all provisions of, and to
consummate, the Plan and to execute, enter into or otherwise make effective all documents
arising in connection therewith, prior to, on and after the Effective Date. All such actions taken
or caused to be taken shall be, and hereby are, authorized and approved by the Court such that no
further approval, act or action need to be taken under any applicable law, order, rule or
regulation, including, without limitation, (a) the incurrence of all obligations contemplated by the

Plan and the making of Distributions and (b) the implementation of all settlements and compromises as set forth in or contemplated by the Plan.

9.      The Disbursing Agent is authorized to make payments required to be made under the Plan at any time after entry of this Confirmation Order, including (i) payments to Creditors on account of Allowed Miscellaneous Secured Claims, Allowed Administrative Claims and Allowed Priority Claims, (ii) payments of Cash to fund the Administrative Claims Reserve and the Professional Fee Reserve to the Liquidating Trust and (iii) payment of the Initial Liquidating Trust Funding Amount to the Liquidating Trust; provided, however, that in determining the amounts necessary to fund the Professional Fee Reserve, the Disbursing Agent shall take into account any retainers held by the Debtors' Professionals and the amounts otherwise permitted to be transferred to the Professional Fee Reserve shall be reduced to the extent of any such retainers.

10.      The Liquidating Trustee or its designee is authorized to execute and file tax returns on behalf of the Debtors after the Effective Date.

11.      Non-Discharge of Claims.  Pursuant to section 1141(d)(3) of the Bankruptcy Code, Confirmation of the Plan will not discharge Claims against the Debtors; provided, however, that, other than as provided in the Final DIP Order, no Claimholder or Interest Holder may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, the Liquidating Trust or any of its property.

12.      Binding Effect.  Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtors, all present and former Holders of Claims and Interests, whether or not

17

such Holders shall receive or retain any property or interest in property under the Plan, and their respective successors and assigns, including, but not limited to, the Liquidating Trust and all other parties in interest in the Chapter 11 Cases. Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is hereby waived in its entirety.

13.    Discharges, Releases, Injunctions, Limitations of Liability and Exculpation. All discharges, releases, injunctions, limitations of liability and exculpation provisions in the Plan, including, without limitation, those in Article X of the Plan, are fair and equitable and given for valuable consideration and are in the best interests of the Debtors and all parties in interest, and such provisions shall be effective and binding on all persons and entities, to the extent provided therein, and are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

14.    As of the Effective Date, to the maximum extent permitted by applicable law, for good and valuable consideration, the adequacy of which is hereby confirmed, each Holder of a Claim or Interest that (a) votes to accept the Plan and (b) does not check the appropriate box on such Holder's ballot to indicate that such Holder opts out of the release(s) set forth in Article X.D.3. of the Plan, solely in its capacity as such, shall be deemed to forever release, waive and discharge all liabilities, claims, actions, proceedings, causes of action, Avoidance Actions, suits, accounts, controversies, agreements, promises, rights to legal remedies, right to equitable remedies, rights to payment, or Claims whatsoever in connection with or related to the Debtors, the Chapter 11 Cases or the Plan (other than the rights of the Holders of Claims and Interests to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing

18

or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event or other occurrence taking place on or prior to the Confirmation Date, against the HEP Released Parties.

15.    The release described in Article X.D.3. of the Plan, which includes by reference each of the related provisions and definitions contained in this Plan, is hereby approved and each release described in Article X.D.3. of the Plan is: (i) in exchange for good and valuable consideration provided by the HEP Released Parties, a good faith settlement and compromise of such Claims and Interests; (ii) in the best interests of the Debtors and all Holders of Claims and Interests; (iii) fair, equitable and reasonable; (iv) given and made after due notice and opportunity for hearing; and (v) a bar to any of the Releasing Parties asserting any claim, cause of action or liability related thereto, of any kind whatsoever, against any of the HEP Released Parties or their property.

16.    Confirmation of the Plan shall have the effect of, among other things, permanently enjoining (a) all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estates with respect to any such Claim or Interest, and (b) respecting (vi)(A), (vi)(B), and (vi)(C) of this paragraph, the Estates and the Liquidating Trust, from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Liquidating Trust or any of its property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any

19

judgment, award, decree or order against the Liquidating Trust or any of its property;

(iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any

encumbrance of any kind against the Liquidating Trust or any of its property; (iv) asserting any

right of setoff, directly or indirectly, against any obligation due the Liquidating Trust or any of

its property, except with respect to any right of setoff asserted prior to the entry of the

Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise

contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place

whatsoever, that does not conform to or comply with the provisions of the Plan; and

(vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim or

Cause of Action, released pursuant to the Plan, (B) any form of objection to any Claim that is

Allowed by the Plan, or (C) Avoidance Actions against any Holder of a Claim that is Allowed by

the Plan.

17.     Confirmation of the Plan shall further have the effect of permanently

enjoining all Persons from obtaining any documents or other materials from current counsel for

the Debtors and the Committee that are in the possession of such counsel as a result of or arising

in any way out of their representations of the Debtors and/or the Committee, except in

accordance with Article V.C of the Plan.

18.     Settlements.  The settlements contemplated under the Plan (the "Plan

Settlements"), including the Global Settlement, and the respective terms thereof as set forth in

the Plan, are hereby approved pursuant to Bankruptcy Rule 9019 as fair, prudent and reasonable

compromises of the controversies and Claims resolved by the Plan Settlements, are binding upon

all Persons affected thereby, and shall be effectuated in accordance with the terms thereof.

19.    <u>Cancellation of Interests</u>.  On the Effective Date, all Interests shall be cancelled and each Holder thereof shall not be entitled to, and shall not receive or retain, any property or interest in property under the Plan.  The Holders of Interests shall not be entitled to receive further notice in these Chapter 11 Cases after such Interests have been cancelled.

20.    <u>Cancellation of Existing Securities and Agreements</u>.  Except as otherwise provided in the Plan and in any contract, instrument or other agreement or document created in connection with the Plan, on the Effective Date and concurrently with the applicable Distributions made pursuant to Article III of the Plan, any promissory notes, share certificates, whether for preferred or common stock (including treasury stock), other instruments evidencing any Claims or Interests, and all options, warrants, calls, rights, puts, awards, commitments or any other agreements of any character to acquire such Interests shall be deemed canceled and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order or rule; <u>provided</u>, <u>however</u>, that nothing in the foregoing shall apply to the Allowed DIP Facility Claim, the DIP Facility Termsheet, the Final DIP Order, the DIP Documents, or any other agreement or document related to any of the foregoing, all of which documents, as modified by the Global Settlement Order, shall remain in full force and effect notwithstanding anything to the contrary in this Plan, until the Allowed DIP Facility Claim is satisfied in full and in Cash.

21.    <u>Executory Contracts and Unexpired Leases</u>.  Except as otherwise provided in the Plan, or in any contract, instrument, release or other agreement or document entered into in connection with the Plan, each of the Executory Contracts and Unexpired Leases to which any Debtor is a party shall be deemed automatically rejected by the applicable Debtor as of the Effective Date, unless such contract or lease (i) previously has been assumed or rejected by the

21

Debtors, (ii) expired or terminated pursuant to its own terms, (iii) was the subject of a motion to assume or reject pending before the Court as of the Confirmation Date or (iv) is identified on Exhibit B to the Plan as a contract to be assumed.

22.     This Order shall constitute an order of the Court approving (i) the rejections described in Article VII.A of the Plan; and (ii) the assumptions of the contracts listed on Exhibit B to the Plan, in both cases pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

23.     If the rejection of an Executory Contract or Unexpired Lease pursuant to Article VII.A of the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the applicable Debtor or its Estate, the Liquidating Trust or their respective successors or properties unless a Proof of Claim is filed with the Court and served on counsel for the Liquidating Trust within thirty (30) days after service of the Notice of Effective Date.

**D.     Implementation of the Plan**

24.     <u>Substantive Consolidation</u>.  In light of the fact that substantive consolidation will promote a more equitable distribution of the Debtors' assets, the substantive consolidation of the Chapter 11 Cases and Estates that comprise the Debtors is in the best interests of the Debtors' stakeholders and is appropriate under section 105(a) of the Bankruptcy Code and is hereby approved.  After the Effective Date, claims asserted by a Creditor against multiple Debtors, whether on the basis of joint and several liability, guaranty or other similar theory, shall be deemed asserted only once against MacKeyser without the need for further Court Order.

25.     The substantive consolidation effected pursuant to Article V.A.1 of the Plan (x) shall not affect the rights of any Holder of a Miscellaneous Secured Claim or the rights

22

of HEP with respect to the collateral securing its Claim, or be deemed to provide additional collateral for Holders of Miscellaneous Secured Claims; and (y) shall not, and shall not be deemed to, prejudice the Causes of Action, which shall survive entry of this Order, as if there had been no substantive consolidation.

26.    Merger and Dissolution of the Debtors.  On the Effective Date, (a) the members of the boards of directors and managers of the Debtors shall be deemed to have resigned; (b) the Affiliate Debtors shall be deemed merged with and into MacKeyser, without the necessity of any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith; and (c) following such merger, MacKeyser shall be deemed dissolved for all purposes, without the necessity of any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith; provided, however, that the Debtors or the Liquidating Trust and their respective professionals may execute and file documents and take all other actions as they deem appropriate relating to the foregoing corporate actions under the laws of the State of Delaware or other applicable law and, in such event, all applicable regulatory or governmental agencies shall take all steps necessary to allow and effect the prompt merger and dissolution of the Debtors as provided herein, without the payment of any fee, tax or charge and without need for the filing of reports or certificates; provided further, however, that any actions by the Debtors or the Liquidating Trust pursuant to the preceding sentence shall not modify, alter or otherwise affect the merger and dissolution of the Debtors as of the Effective Date pursuant to this paragraph.  The merger and dissolution of the Debtors as provided herein shall not limit or affect any of the rights of the Liquidating Trust or the Liquidating Trustee to pursue the Liquidating Trust Claims after the Effective Date.

27.    <u>United States Trustee Fees</u>.  All fees payable through the Effective Date

pursuant to 28 U.S.C. § 1930 shall be paid by the Debtors on or before the Effective Date.  After

the Effective Date, the Liquidating Trust shall pay quarterly fees to the U.S. Trustee until the

Chapter 11 Cases are closed or converted.  In addition, the Liquidating Trustee shall file post-

confirmation quarterly reports in conformance with the U.S. Trustee Guidelines.

28.    <u>Section 1146(a) Waiver</u>.  Pursuant to section 1146(a) of the Bankruptcy

Code, any transfers of property pursuant to the Plan shall not be subject to any document

recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate

transfer tax, mortgage recording tax or other similar tax or governmental assessment, and all

state or local governmental officials or agents shall forego the collection of any such tax or

governmental assessment and accept for filing and recordation instruments or other documents

without the payment of any such tax or governmental assessment.

29.    On or before the Effective Date, the Debtors shall transfer their Books and

Records to the Liquidating Trust and, on the Effective Date, the Liquidating Trust shall succeed

to the evidentiary privileges, including attorney-client privilege, formerly held by the Debtors.

30.    <u>Liquidating Trust</u>.  The form of the Liquidating Trust Agreement attached

as <u>Exhibit A</u> to the Plan is hereby approved, and the Debtors are authorized to execute and to

take any action necessary or appropriate to implement, effectuate or consummate the Liquidating

Trust Agreement.  The appointment of Thomas J. Allison as Liquidating Trustee is hereby

approved.

31.    <u>Liquidating Trust Committee</u>.  The appointment of (i) Thomas J. Allison,

(ii) David Smith and (iii) Stephen J. McCormack, Ph.D. to the Liquidating Trust Committee is

hereby approved.  Each of the members of the Liquidating Trust Committee shall have all rights,

24

powers, duties and protections afforded the Liquidating Trust Committee and its members under the Plan and Liquidating Trust Agreement.

32.    Dissolution of Creditors' Committee.  On the Effective Date, the Committee shall be dissolved and its members shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 Cases or the Plan and its implementation, and the retention or employment of the Committee's attorneys, financial advisors and other agents shall terminate, except with respect to (i) all Professional Fee Claims and (ii) any appeals of the Confirmation Order.

33.    Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002.  After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all Creditors and other parties in interest (except those listed in the following sentence) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002.  After the Effective Date, the Liquidating Trustee is authorized to limit the list of parties in interest receiving notice of documents pursuant to Bankruptcy Rule 2002 to the Office of the United States Trustee and those Creditors who have filed such renewed requests; provided, however, that the Liquidating Trustee also shall serve those parties directly affected by, or having a direct interest in, the particular filing in accordance with Local Rule 2002-1(b).  Notice given in accordance with the foregoing procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

34.    Closure of Utility Deposit Account.  The Debtors are authorized to close the utility deposit account that was authorized and established pursuant to the Final Order Under 11 U.S.C. §§ 105(a) and 366 (I) Prohibiting Utility Companies from Altering or Discontinuing Service on Account of Prepetition Invoices (II) Approving Deposit as Adequate Assurance of

Payment, and (III) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment [Docket No. 151].

35.    <u>Implementation of Essilor Settlement Agreement</u>.  Notwithstanding anything herein or any provision contained in the Plan, Essilor of America, Inc. ("<u>Essilor of America</u>") and Essilor Laboratories of America, Inc. ("<u>Essilor Labs</u>" and, collectively with Essilor of America and its affiliates, "<u>Essilor</u>") shall be entitled to all rights to payments and distributions provided to Essilor under that certain Settlement Agreement dated December 1, 2014 by and between the Debtors, Committee, HEP and Essilor (the "<u>Essilor Settlement Agreement</u>") that was approved by this Court pursuant to that Order Granting Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of an Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019(a) Approving the Compromise and Settlement by and Among the Debtors, the Official Committee of Unsecured Creditors and Certain of the Debtors' Secured Lenders and Essilor of America, Inc. and Certain Affiliated Entities [Docket No. 691].  Specifically, Essilor's entitlement to payment of any recoveries received by the Estates from the Shareholder Guarantee (as defined in the Essilor Settlement Agreement) under Paragraph 3 of the Essilor Settlement Agreement shall not be subject to the Liquidating Trust Waterfall or any other provision of the Plan.

36.    <u>Resolution of Meyers' Claims and Related Adversary Proceeding</u>.  On or prior to the Effective Date, the Debtors shall transfer to the Meyers Family Agreement of Trust Dated October 14, 1996 ("<u>Meyers</u>") payment by wire transfer in the full amount of $145,000 (the "<u>Settlement Payment</u>") and, upon receipt by Meyers of such wire transfer: (i) Claim Nos. 1371, 1373 and 1374 shall be deemed to be, and shall be, disallowed; (ii) on account of its Claim No. 1375, Meyers shall be deemed to have, and shall have, an Allowed Class 1—Miscellaneous

Secured Claim in the amount of $145,000 (the "Secured Claim"), which claim shall be deemed
to be, and shall be, satisfied in full by the payment of the Settlement Payment; (iii) on account of
its Claim No. 1372, Meyers shall be deemed to have, and shall have, an Allowed Class 4—
General Unsecured Claim in the amount of $215,000 (the "Unsecured Claim"); (iv) all motions
filed in Adv. P. No. 14-50699 (CSS) (the "Adversary Proceeding" or "Adv. Proc."), including
the Defendants' Motion for Judgment on the Pleadings [Adv. Pro. Docket No. 12] and the
Motion of Meyers Family Agreement of Trust Dated October 14, 1996 for Costs and Fees [Adv.
Pro. Docket No. 37], shall deemed to be, and shall be, withdrawn with prejudice; (v) the
Complaint filed in the Adversary Proceeding shall be deemed dismissed with prejudice and
discontinued and, within two (2) business days following Meyers' receipt of the Settlement
Payment, the parties shall file with the Clerk of the Court a stipulation dismissing the Adversary
Proceeding with prejudice; and (vi) other than Meyers' right to the Secured Claim, the
Unsecured Claim and the Settlement Payment, any claims or causes of action between Meyers,
on the one hand, and the Debtors, on the other, are deemed to be, and shall be, released and
forever waived and discharged.

    37.    ALCS, the Court-appointed claims agent in the Chapter 11 Cases, is
hereby authorized and directed to make such revisions to the official claims register as are
necessary to reflect the relief granted in the prior paragraph of this Order.

    38.    Authorization to Consummate.  The Debtors are authorized to
consummate the Plan at any time after the entry of the Confirmation Order subject to satisfaction
or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in
Article VIII.B of the Plan.

53032/0001-11432514v6

39.     Incorporation. The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by its reference.

40.     Notice of Entry of the Confirmation Order and the Occurrence of the Effective Date. The Debtors and/or their authorized agent shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "Notice of Effective Date"), substantially in the form attached hereto as Exhibit B, which form is hereby approved, on all Creditors and parties in interest in the Chapter 11 Cases within five (5) business days after the occurrence of the Effective Date. Notwithstanding the foregoing, no service of the Notice of Effective Date shall be required to be made upon any Person to whom the Debtors mailed a (a) notice of the meeting of Creditors under section 341 of the Bankruptcy Code, (b) notice of the bar date for filing Proofs of Claim, or (c) a solicitation package or other solicitation-related notice and received any such notice or materials returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that Person's new address. Service of the Notice of Effective Date described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

41.     Modification of Plan. After the Confirmation Date and prior to substantial consummation of the Plan as defined in section 1101(2) of the Bankruptcy Code, the Plan Proponents may, under section 1127(b) of the Bankruptcy Code, with the prior written consent of counsel to HEP, institute proceedings in the Court to remedy any defect or omission or reconcile

28

any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, and such

matters as may be necessary to carry out the purpose and effect of the Plan so long as such

proceedings do not adversely affect the treatment of Holders of Claims under the Plan; provided,

however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy

Rules or order of the Court.  A Holder of a Claim that has accepted the Plan shall be deemed to

have accepted the Plan, as altered, amended, modified or clarified, if the proposed alteration,

amendment, modification or clarification does not materially and adversely change the treatment

of the Claim of such Holder.

42.    Retention of Jurisdiction.  Notwithstanding the occurrence of the Effective

Date, the Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter

11 Cases and the Plan to the fullest extent permitted by law, including among other things,

jurisdiction over the matters set forth in Article XI of the Plan, which provisions are incorporated

herein by reference.

43.    Confirmation Order Controls.  To the extent that the terms of this

Confirmation Order are inconsistent with the terms set forth in the Plan or any of the exhibits

thereto, then the terms of this Confirmation Order shall govern and control.

43A.  Notwithstanding anything in the Plan or this Confirmation Order, and for the avoidance of doubt, none of the directors and officers of any of the Debtors are exculpated or otherwise released under Article X. E of the Plan for any acts or omissions prior to the commencement of the Chapter 11 Cases, and Debtors' transfer of any Causes of Action to the Liquidating Trust shall not impair or preclude Dr. Joseph Kurstin and/or Jokur Acquisition, Inc. from prosecuting any direct suit, action or other proceeding of any kind against any Entities or Persons not expressly exculpated or otherwise released by the Plan.

29

44.    <u>Final Order</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 6006(d) and 7062, or any other applicable Bankruptcy Rule, the Court finds that there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated:   February **2** , 2015
         Wilmington, Delaware

Honorable Christopher S. Sontchi
United States Bankruptcy Judge

53032/0001-11432514v6